UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD OCCHIPINTI,

                        Plaintiff,              Case # 19-CV-6651-FPG

v.                                                       DECISION AND ORDER

ANTHONY J. ANNUCCI, et al.,

                        Defendants.

## INTRODUCTION

Represented by counsel, Plaintiff Ronald Occhipinti brought this action against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that, while he was incarcerated at Wyoming Correctional Facility ("Wyoming"), Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him certain medical devices and medications necessary for his many medical issues. Currently before the Court is Plaintiff's motion for a preliminary injunction. ECF No. 16. Defendants oppose the motion. ECF No. 18. For the reasons that follow, Plaintiff's motion for a preliminary injunction is DENIED.

## FACTUAL BACKGROUND

Plaintiff has been in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") since 2006. ECF No. 16-1 ¶ 2. At the time he entered DOCCS custody, he was "relatively healthy." *Id.* ¶ 3. However, since then, Plaintiff has developed a "multitude of serious medical conditions," including, but not limited to, diabetes, cardiac issues, hypertension, elevated cholesterol, morbid obesity, orthopedic issues, blindness, and hearing loss. *Id.* ¶ 4. In his Complaint, Plaintiff alleges that medical staff at Wyoming denied him treatment for many of his illnesses, denied him necessary medicine, and refused to provide medical assistive

1

devices such as leg braces. Plaintiff filed the instant action on September 4, 2019, complaining of Defendants' deliberate medical indifference. ECF No. 1. He was subsequently transferred to Wende Correctional Facility ("Wende").

Thereafter, Plaintiff failed to timely serve several Defendants and the Court dismissed them from the action for Plaintiff's failure to prosecute. ECF No. 6. United States Magistrate Judge Marian W. Payson entered two scheduling orders and discovery was to be completed by March 4, 2022. ECF Nos. 9, 15. According to Defendants, Plaintiff has yet to serve any discovery demands or "otherwise prosecute this action." ECF No. 18 ¶ 12.

Plaintiff filed the instant motion for a preliminary injunction on April 11, 2022, arguing that the staff at Wende, where he is currently housed, continue to deprive him of necessary medication, treatment, and medical devices. ECF No. 16. He seeks a preliminary injunction directing Defendants to provide him with "the devices listed in paragraph 6, . . , be prescribed the pain medication I have been prescribed at other correctional facilities[,] and be given appropriate accommodations for my blindness and other disabilities." ECF No. 16-1 ¶ 43. Defendants oppose the motion for a preliminary injunction. ECF No. 18.

## DISCUSSION

"A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted). "Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for a preliminary

2

injunction should be denied." *Id.* (internal quotation marks omitted).  "Irreparable harm is defined as certain and imminent harm for which a monetary award does not adequately compensate." *Allstate Ins. Co. v. Harvey Fam. Chiropractic*, 677 F. App'x 716, 718 (2d Cir. 2017) (summary order).

**I.      Plaintiff Has Not Established Irreparable Harm**

Plaintiff has not established the irreparable harm necessary to warrant preliminary injunctive relief.  This is because he waited over two-and-a-half years to seek this relief.  While Plaintiff cursorily addresses the other requirements for a preliminary injunction, he does not argue, let alone mention, how he would be irreparably harmed.

"Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).  "Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Id.*; *see also Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co.*, 466 F. Supp. 3d 337, 351 (W.D.N.Y. 2020) ("Considerable delay in filing an action seeking injunctive relief weighs against finding irreparable harm present."); *Le Sportsac, Inc. v. Dockside Rsch., Inc.*, 478 F. Supp 602, 609 (S.D.N.Y. 1979) ("Delay . . . undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.").  Courts have declined to grant preliminary injunctions based on "unexplained delays" of as little as two months.  *Hornig v. Trs. of Columbia Univ. in City of New York*, No. 17-CV-3602, 2018 WL 5800801, at *7 (S.D.N.Y. Nov. 5, 2016).

In this case, Plaintiff waited over 31 months from the filing of his Complaint to submit a motion for a preliminary injunction.  An unexplained delay of that length is, standing alone, a sufficient reason to deny a motion for a preliminary injunction.  *See, e.g.*, *Jermyn v. Best Buy*

*Stores, L.P.*, No. 08-CV-214, 2010 WL 3911509, at *3 (S.D.N.Y. Sept. 28, 2010) (delay of more than two years); *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, No. 03-CV-136, 2003 WL 22119882, at *2 (S.D.N.Y. Sept. 15, 2003) ("[T]he actions that [the plaintiff] complains of have been known to him and ongoing for several years. A preliminary injunction is not warranted on that ground alone."); *see also Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief.").

Plaintiff has not offered a sufficient justification or excuse for that delay. Plaintiff waited 31 months to file his motion for a preliminary injunction, despite that he had all of the relevant facts at the time he filed the action. Importantly, Plaintiff failed to file his motion during the over two-year discovery period. Magistrate Judge Payson issued scheduling orders in December 2020 and September 2021. ECF Nos. 9, 15. Discovery closed on March 4, 2022. ECF No. 15. Still, it appears that Plaintiff has failed to timely serve discovery demands or otherwise seek information that could support his claims. ECF No. 18 ¶ 12. Yet, a month after the close of discovery, Plaintiff filed this motion for a preliminary injunction. To be sure, the medical issues Plaintiff complains of are serious. But his unexplained delay in bringing this motion belie any finding of irreparable harm.

## II. Plaintiff Has Not Established a Likelihood of Success on the Merits

Although the Court can deny a motion for a preliminary injunction on a failure to establish irreparable harm alone, Plaintiff has also failed to establish a likelihood of success on the merits entitling him to a preliminary injunction.[1]

---

[1] A claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Defendants' submissions raise significant questions about precisely what medications and devices Plaintiff needed and whether medical staff in fact denied Plaintiff's requests. It is even less clear whether prison

4

Plaintiff's motion for a preliminary injunction concerns a wholly different alleged Eighth Amendment violation than those Plaintiff addressed in his Complaint. Indeed, the alleged deprivations he outlines in his preliminary injunction occurred *after* he filed his Complaint and *after* he was transferred from Wyoming (where the allegations detailed in the Complaint occurred) to Wende. Plaintiff's failure to link the alleged injury he claims in the motion to the conduct giving rise to the Complaint is fatal to his motion. *Rodriguez v. McCormick*, No. 3:20-CV-01019 (VLB), 2021 WL 3115981, at *5 (D. Conn. July 22, 2021) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (quoting another source)).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a preliminary injunction, ECF No. 16, is DENIED.

IT IS SO ORDERED.

Dated: April 19, 2022
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

officials *deliberately* denied these treatments. Because the Court denies Plaintiff's motion on other grounds, it need not address these factual issues further.